**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 97-4617

WILLIE L. GREEN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-96-455-DWS)

Submitted: March 24, 1998

Decided: April 14, 1998

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Betts, Columbia, South Carolina, for Appellant. Jane Barrett
Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Colum-
bia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willie L. Green appeals his sentence after a guilty plea to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994), and 18 U.S.C. § 2 (1994). Green's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious grounds for appeal. Finding no error, we affirm.

Green's counsel raises two questions: whether the district court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure when taking Green's plea, and whether Green's sentence was properly computed. Following a de novo review of the entire record, we conclude that the district court complied with all the mandates of Rule 11 in accepting Green's guilty plea. Further, we find that Green's sentence was properly calculated under the U.S. Sentencing Guidelines Manual (1995), and 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(B) (West 1994 & Supp. 1997).

In his pro se notice of appeal, Green contends that he was incorrectly sentenced based on the guidelines for crack cocaine when the substance he possessed was not crack cocaine. The record reveals, however, that Green was indicted for and pled guilty to possession with intent to distribute crack cocaine. Also, Green did not object to the facts as stated in the Presentence Investigation Report, adopted by the court, which revealed that Green was involved in a conspiracy of crack cocaine dealers, and that he aided and abetted in the sale of crack cocaine to undercover officers. Green's claim for the first time on appeal that the substance was not crack is without merit. Accordingly, we do not find that the district court committed plain error by sentencing Green under the crack cocaine guidelines. See United States v. Olano, 507 U.S. 725, 732-34 (1993).

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Because the record discloses no reversible error, we affirm Green's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

2

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3